289 So.2d 174 (1973)
C. M. ANTULOVICH et al.
v.
Mrs. Ethel WHITLEY, etc.
No. 9634.
Court of Appeal of Louisiana, First Circuit.
December 17, 1973.
*175 Fannie E. Burch, Amite, for appellants.
L. B. Ponder, Jr., Amite, for appellee.
Before LANDRY, ELLIS and PICKETT, JJ.
PICKETT, Judge.
This is a possessory action instituted by plaintiffs C. M. Antulovich, J. Lynn Ponder, L. B. Ponder, Jr., Leslie B. Ponder III, and Charles Law Ponder against Mrs. Ethel Whitley, defendant. After trial, but before judgment, Mrs. Whitley died, and her daughter, Mrs. Evelyn Whitley McDaniel, qualified as administratrix of her succession and was substituted as party defendant.
Plaintiffs claim ownership of a parcel of land which is bounded on the south by property of the defendant. When their property was acquired in 1947, plaintiffs caused a survey to be made by O. C. Hollister, a registered surveyor, who surveyed and blazed a line as the southerly line of plaintiffs' property. In 1970, defendant had a survey made of her property by Ansil Bickford, a registered surveyor, who located defendant's northerly line over 100 feet north of the Hollister line. The area between the two lines is about 13 acres. Defendant then built a fence along this line.
Within a year of that time, plaintiffs instituted this suit. After trial on the merits, judgment was rendered in favor of plaintiffs, and defendant has appealed.
Plaintiffs testified that they made timber sales three different times since 1947; and that the timber was cut to the Hollister line on each occasion. They testified that the Hollister line was marked with paint every three to five years during their ownership. They introduced in evidence two mineral leases which covered their property to the Hollister line.
Defendant showed no exercise of possession to the north of the Hollister line other than the Bickford survey and the construction of the fence. Mrs. McDaniel testified that Mrs. Whitley had warned one of the purchasers of timber from plaintiffs not to cut to the Hollister line because she did not recognize it. Defendant was aware of the first timber cut in 1947, and of the location of the Hollister line.
In order to maintain the possessory action, plaintiffs must satisfy the requirement of Article 3658 of the Code of Civil Procedure, which provides:
"To maintain the possessory action the possessor must allege and prove that:
(1) He had possession of the immovable property or real right at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law, as defined in Article 3659; and
(4) The possessory action was instituted within a year of the disturbance."
The description in the title under which plaintiffs claim ownership is not sufficiently clear to show the limit to which they intend to possess. They must, therefore, show actual and corporeal possession of the property in question, and that the property was enclosed so as to establish the limit of the possession claimed. By "enclosure" is meant that the limit of the property sought to be possessed must be established with certainty, either by natural or artificial marks, sufficient to give notice to the world of the extent of this possession. Hill v. Richey, 221 La. 402, 59 So.2d 434 (1952). In the Hill case, supra, the court also said:
"The nature of the possession requisite for the possessory action of one claiming without title is the same as that of the possession upon which is based the prescription of 30 years."
"Furthermore, under the established jurisprudence of this court the corporeal *176 possession necessary to support prescription is governed by the use to which the land is destined. What is essential for actual possession changes with the nature of the property, and may be different when it relates to one kind from what it is when it relates to another."
We think it clear from the above recitation of the facts that plaintiffs have satisfied their burden of proof. The property in question is rural, wooded land, and plaintiffs exercised possession over that tract in an appropriate manner, by cutting timber, leasing for minerals and maintaining the southern boundary line throughout their ownership; and, therefore, for more than one year prior to the disturbance in fact created by the construction of the fence. Article 3659, Code of Civil Procedure.
We think that the fact that the Hollister line was surveyed and blazed, and that plaintiffs marked the line with paint periodically thereafter, brings it within the legal definition of enclosure. Defendant, on the other hand, proved no act of dominion whatsoever over the area in dispute until it was surveyed in 1970, which, under the law, constitutes a disturbance of the possession theretofore enjoyed by plaintiffs.
Plaintiffs answered the appeal, asking that we reverse the refusal of the trial court to award damages. Our review of the record reveals no testimony or other evidence which would form the basis for such an award.
We find that the trial judge correctly recognized plaintiffs' right to the possession, and ordered them restored thereto. Since plaintiffs did not pray to have defendant ordered to assert her claim under the provisions of Article 3662(2) of the Code of Civil Procedure, this relief may not be granted.
For the foregoing reasons, the judgment of the trial court is affirmed and defendant-appellant is cast for all costs.
Affirmed.